IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**DEON LATHEL GIBSON** | Criminal No: 2:25-cr-865<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 10-23, 2025, between the United States of America, as represented by United States Attorney Bryan P. Stirling, Assistant United States Attorney Chris Lietzow; the Defendant, **DEON LATHEL GIBSON**, and Defendant's attorney, Mark Calhoun.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to the Indictment now pending.

   **Count 1** charges felon in possession of a firearm and/or ammunition in violation of 18 U.S.C. § 922(g)(1).

   To sustain its burden of proof, the Government is required to prove the following:

   (1) The defendant has been convicted in some court of a crime punishable by imprisonment for a term exceeding one year;

   (2) The defendant possessed a firearm and/or ammunition;

   (3) The firearm and/or ammunition traveled in interstate or foreign commerce at some point during its existence;

   (4) The defendant did so knowingly; and

   (5) The defendant knew of his status at the time of the possession of the firearm and/or ammunition.

The penalty for this offense is a maximum term of imprisonment of 15 years, fine of $250,000, supervised release for 3 years, and a special assessment of $100.

**Count 2** charges possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

To sustain its burden of proof, the Government is required to prove the following:

(1) The defendant possessed the amount of controlled substance alleged in the Indictment;
(2) The defendant knew that the substance was a controlled substance under the law at the time of the possession; and
(3) The defendant did so knowingly with the intent to distribute the controlled substance.

The penalty for this offense is term of imprisonment for not less than 10 years and a maximum term of life, fine of $10,000,000, supervised release for 5 years, and a special assessment of $100. If the Defendant has at least 1 prior conviction for a serious drug felony and/or a serious violent felony, the penalty for this offense is a minimum term of imprisonment for not less than 15 years and a maximum term of life, fine of $20,000,000, supervised release for 10 years, and a special assessment of $100.

**Count 3** charges possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

To sustain its burden of proof, the Government is required to prove the following:

(1) The defendant possessed a firearm;
(2) The defendant did so in furtherance of a drug trafficking crime which may be prosecuted in federal court.

The penalty for this offense is a term of imprisonment for not less than 5 years and a maximum term of life, fine of $250,000, supervised release for 5 years, and a special assessment of $100. This sentence must run consecutive to each and every other count.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2). The Defendant further agrees to enter the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing,

which amount is not limited to the counts to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. If the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government has the right, at its sole election, to void all its obligations under this Agreement and the Defendant will not have any right to withdraw his guilty plea to the offenses enumerated herein.

## Merger and Other Provisions

4. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 240 months incarceration, followed by the appropriate statutory term of supervised release. The parties agree that, to the extent possible, this sentence should run concurrent with any State sentence for State charges now pending against the Defendant. If the Defendant complies with all the terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw his Federal Rule of Criminal Procedure 11(c)(1)(C) plea. If the Defendant does not comply with all the terms of this agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

5. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court

versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

7. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

8. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having

jurisdiction in this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void

10-23-25
Date

*(signature)*
**DEON LATHEL GIBSON**
**DEFENDANT**

10-23-25
Date

*(signature)*
Mark Calhoun
ATTORNEY FOR THE DEFENDANT

BRYAN P. STIRLING
UNITED STATES ATTORNEY

CHRISTOPHER LIETZOW
Digitally signed by CHRISTOPHER LIETZOW
Date: 2025.10.03 13:41:56 -04'00'

Christopher S. Lietzow (#12301)
Assistant United States Attorney

Date

Charleston, South Carolina